UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SLAWOMIR WARIAS,<br><br>                                        Plaintiff,<br><br>-against-<br><br>EIS ELECTRIC CORP., MARIUSZ BRZOZOWSKI, and JAROSLAW ZALEWSKI,<br><br>                                        Defendants. | Civil Docket No.:<br><br>**COMPLAINT** |

## NATURE OF THE ACTION

1.      Plaintiff, SLAWOMIR WARIAS, ("Plaintiff"), brings this action against Defendants, EIS ELECTRIC CORP., MARIUSZ BRZOZOWSKI, and JAROSLAW ZALEWSKI, (collectively "Defendants"), to seek redress for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, New York Labor Law ("NYLL") § 193, *et. seq.*, 12 N.Y. Codes, Rules, and Regulations ("NYCRR") § 142, *et. seq.*, New York State Executive Law § 296(1)(e), *et. seq.*, and applicable regulations, *inter alia*.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims set forth herein pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because these claims involve federal questions regarding the deprivation of Plaintiffs' rights under federal law.

3.      This Court has supplemental jurisdiction over the NYLL and New York State Executive Law claims set forth herein pursuant to 28 U.S.C. § 1367 because these claims closely relate to the federal claims under FLSA, having arisen from a common nucleus of operative facts, such that they form part of the same case or controversy.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside in said district and a substantial part of the events or omissions giving rise to the claim occurred therein.

## PARTIES

5. Plaintiff, SLAWOMIR WARIAS, is a construction worker residing in the State of New York.

6. Defendant, EIS ELECTRIC CORP., is a corporation registered and authorized to do business within the State of New York.

7. Upon information and belief, Defendant, MARIUSZ BRZOZOWSKI, is the owner and operator of Defendant, EIS ELECTRIC CORP. He is sued in his individual capacity as Plaintiff's employer.

8. Upon information and belief, JAROSLAW ZALEWSKI, is a manager of Defendant, EIS ELECTRIC CORP. He is sued in his individual capacity as Plaintiff's employer.

9. Upon information and belief, Defendants, MARIUSZ BRZOZOWSKI and JAROSLAW ZALEWSKI, were at all relevant times "employers" within the meaning of both the FLSA and the NYLL in that said individuals had the power to hire employees, terminate employment, supervised and controlled conditions of employment, and determined rates and methods regarding the payment of wages and compensation.

10. At all times relevant and material to this action, Defendants employed Plaintiff to work at various locations throughout New York State and have been Plaintiff's employers within the meaning of the FLSA and the NYLL.

11. Upon information and belief, and as described below, Defendant, EIS ELECTRIC., constitutes an "enterprise" under the FLSA engaged in commerce whose gross annual revenue is at least five-hundred-thousand dollars ("$500,000.00").

12. As more fully set forth below, Plaintiff has been regularly involved in interstate commerce as Defendants' employee by handling goods and materials that moved in commerce and originated out of state, including construction materials and equipment.

## FACTS

13. At relevant times herein, Defendant, EIS ELECTRIC CORP., was a construction company registered, and operating, in the State of New York.

14. At all times relevant to this action, Defendants, MARIUSZ BRZOZOWSKI and JAROSLAW ZALEWSKI, were officers, chief executive officers, owners, and/or shareholders of Defendant, EIS ELECTRIC CORP., and controlled the day-to-day operating decisions as well as made major personnel decisions for Defendant, EIS ELECTRIC CORP. Plaintiff performed labor for the benefit of, and at the direction of, said Defendants.

15. Upon information and belief, Defendants, MARIUSZ BRZOZOWSKI and JAROSLAW ZALEWSKI, were the principal executives and/or chief executives of Defendant, EIS ELECTRIC CORP., and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for employees; and (iv) generated and maintained employment records.

16. While employed by Defendants, Plaintiff generally worked more than forty ("40") hours per week.

17. At all relevant times, Plaintiff was not paid for every hour that he worked.

18. At all relevant times, Defendants maintained a practice and policy of assigning Plaintiff to work more than forty ("40") hours per week without paying him the applicable overtime hourly rate for all hours worked in excess of forty ("40") per week, in violation of the New York State Labor Law.

19. Defendants, EIS ELECTRIC CORP., MARIUSZ BRZOZOWSKI, and JAROSLAW ZALEWSKI's, actions, as described herein, were intentional and not made in good faith.

20. At all relevant times herein, Plaintiff's work was performed in the normal course of Defendants' business and did not involve executive or administrative responsibilities.

21. Plaintiff, SLAWOMIR WARIAS, was employed by Defendants as a construction worker from approximately June 1, 2022, through approximately April 30, 2024.

22. From approximately June 1, 2022, through October 1, 2022, Plaintiff, SLAWOMIR WARIAS's, hourly rate was twenty dollars ("$20.00").

23. From approximately October 1, 2022, through April 30, 2024, Plaintiff, SLAWOMIR WARIAS's, hourly rate was twenty-four dollars ("$24.00").

24. At all relevant times herein, Plaintiff, SLAWOMIR WARIAS, worked five ("5") days a week and approximately eight ("8") to ten ("10") hours each workday.

25. Plaintiff, SLAWOMIR WARIAS's, pay was always delayed.

26. At all relevant times herein, Plaintiff, SLAWOMIR WARIAS, did not receive pay for all hours worked for Defendants.

27. At all relevant times herein, Plaintiff, SLAWOMIR WARIAS, did not receive overtime pay, or any pay, for all hours worked in excess of forty ("40") hours per week.

28. Plaintiff, SLAWOMIR WARIAS, complained to Defendants, MARIUSZ BRZOZOWSKI and JAROSLAW ZALEWSKI, regarding their failure to pay Plaintiff's wages in a timely manner and their failure to pay Plaintiff any overtime.

29. Plaintiff, SLAWOMIR WARIAS, informed Defendants, MARIUSZ BRZOZOWSKI and JAROSLAW ZALEWSKI, that he would file a Complaint with the Labor Department if Defendants did not correct their payment practices.

30. Specifically, Plaintiff, SLAWOMIR WARIAS, requested that he be paid on time every week and that Defendants pay him overtime for all hours worked in excess of forty ("40") hours per week.

31. In response, Defendants, MARIUSZ BRZOZOWSKI and JAROSLAW ZALEWSKI, stated that they "prefer to hire illegals because they do not complain or assert any rights."

32. Plaintiff, SLAWOMIR WARIAS's, employment was thereafter immediately terminated for a pretextual reason.

33. Specifically, Plaintiff, SLAWOMIR WARIAS, was instructed not to return to work due to an alleged altercation with a coworker. Upon information and belief, said altercation never occurred.

34. Following Plaintiff, SLAWOMIR WARIAS's, termination, he filed an application for unemployment benefits.

35. Plaintiff, SLAWOMIR WARIAS's, unemployment benefits were denied because Defendants informed the Department of Labor of Plaintiff's alleged altercation with his coworker.

36. Based on said information provided by Defendants, the Department of Labor concluded that Plaintiff, SLAWOMIR WARIAS, was terminated due to misconduct at work.

37. Plaintiff, SLAWOMIR WARIAS, was thereafter assessed a penalty for "asserting false statements" within his application for unemployment benefits.

38. Plaintiff, SLAWOMIR WARIAS's, application for unemployment benefits was denied.

39. Defendants' foregoing acts were willful and committed in bad faith.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Unpaid Overtime under the Fair Labor Standards Act)

40. Plaintiff realleges and incorporates by reference all allegations in each and every preceding paragraphs as if fully set forth herein.

41. At all relevant times herein, Defendants employed Plaintiff within the meaning of the FLSA.

42. At all relevant times herein, Defendants failed to pay Plaintiff, SLAWOMIR WARIAS, overtime wages for hours worked in excess of forty ("40") hours per week at a rate of one-and-a-half times their regular rate in violation of 29 U.S.C. § 201 *et. seq.*

43. Defendants failed to pay Plaintiff, SLAWOMIR WARIAS, any wages for hours worked in excess of forty ("40") hours per week.

44. Defendants' foregoing conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

45. As a result of the foregoing violations, Plaintiff, SLAWOMIR WARIAS, is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorney's fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (Unpaid Overtime under New York Labor Law)

46. Plaintiff realleges and incorporates by reference all allegations in each and every preceding paragraphs as if fully set forth herein.

47. 12 NYCRR § 142-2.2 requires that, "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

48. NYLL § 663, provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

49. Upon information and belief, Plaintiff, SLAWOMIR WARIAS, worked more than forty ("40") hours a week while working for Defendants.

50. At all relevant times herein, Defendants failed to pay Plaintiff, SLAWOMIR WARIAS, the applicable overtime hourly rate for all hours worked in excess of forty ("40") per work week, in violation of NYLL § 650 *et. seq.* and 12 NYCRR § 142-2.2.

51. At all relevant times herein, Defendants failed to pay Plaintiff, SLAWOMIR WARIAS, any wages for all hours worked in excess of forty ("40") per work week.

52. Defendants' failure to pay wages and overtime compensation to Plaintiff, SLAWOMIR WARIAS, for work performed after the first forty ("40") hours worked in a week was willful.

53. As a result of the foregoing violations, Defendants have violated NYLL § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiff, SLAWOMIR WARIAS, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION
### (Unpaid Wages under New York Labor Law)

54. Plaintiff realleges and incorporates by reference all allegations in each and every preceding paragraphs as if fully set forth herein.

55. Pursuant to Article Six of the NYLL, workers, such as the Plaintiff, SLAWOMIR WARIAS, herein, are protected from wage underpayments and improper employment practices.

56. Pursuant to Labor Law § 191, and the cases interpreting same, workers such as the Plaintiff herein are entitled to be paid all their weekly wages, "not later than seven calendar days after the end of the week in which the wages are earned."

57. Pursuant to Labor Law § 193, "[n]o employer shall make any deduction from the wages of an employee," such as the Plaintiffs herein, that is not otherwise authorized by law or by the employee.

58. Defendants have failed to pay Plaintiff, SLAWOMIR WARIAS, all wages due for the hours he worked for Defendants.

59. Pursuant to NYLL § 193, and the cases interpreting same, Defendants made unlawful deductions by withholding wages owed to Plaintiff, SLAWOMIR WARIAS.

60. Defendants' failure to comply with the NYLL caused Plaintiff, SLAWOMIR WARIAS, to suffer loss of wages and interest thereon.

61. Defendants' failure to comply with the NYLL was willful.

62. Due to Defendants' violations of the NYLL, Plaintiff, SLAWOMIR WARIAS, is entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees, costs, as well as pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### (Retaliation under the Fair Labor Standards Act)

63.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

64.     Fair Labor Standards Act § 215(a)(3) provides in pertinent part that, "it shall be unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter."

65.     The Defendants herein violated Fair Labor Standards Act § 215(a)(3) herein by retaliating against the Plaintiff with respect to the terms, conditions, and/or privileges of employment on the basis of Plaintiff's opposition to Defendants' inherently unlawful practices.

66.     By the foregoing reasons, Defendants violated Fair Labor Standards Act § 215(a)(3) and are liable to Plaintiff in an amount to be determined at trial, plus interest, as well as attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
### (Retaliation under New York State Executive Law)

67.     Plaintiff realleges and incorporates by reference all allegations in each and every preceding paragraphs as if fully set forth herein.

68.     New York State Executive Law § 296(1)(e) provides in pertinent part that, "[i]t shall be an unlawful discriminatory practice…(f)or any employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article."

69.     The Defendants herein violated Executive Law § 296(1)(e) by retaliating against the Plaintiff,

## FOURTH CAUSE OF ACTION
### (Retaliation under the Fair Labor Standards Act)

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

64. Fair Labor Standards Act § 215(a)(3) provides in pertinent part that, "it shall be unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter."

65. The Defendants herein violated Fair Labor Standards Act § 215(a)(3) herein by retaliating against the Plaintiff with respect to the terms, conditions, and/or privileges of employment on the basis of Plaintiff's opposition to Defendants' inherently unlawful practices.

66. By the foregoing reasons, Defendants violated Fair Labor Standards Act § 215(a)(3) and are liable to Plaintiff in an amount to be determined at trial, plus interest, as well as attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
### (Retaliation under New York State Executive Law)

67. Plaintiff realleges and incorporates by reference all allegations in each and every preceding paragraphs as if fully set forth herein.

68. New York State Executive Law § 296(1)(e) provides in pertinent part that, "[i]t shall be an unlawful discriminatory practice…(f)or any employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article."

69. The Defendants herein violated Executive Law § 296(1)(e) by retaliating against the Plaintiff,

SLAWOMIR WARIAS, with respect to the terms, conditions, and/or privileges of employment on the basis of Plaintiff's opposition to Defendants' inherently unlawful practices.

70. By the foregoing reasons, Defendants have violated New York State Executive Law § 296(1)(e) and are liable to Plaintiff in an amount to be determined at trial, plus interest, as well as attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following:

71. A declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, the New York Labor Law, and the New York State Executive Law.

72. A compensatory award of unpaid compensation, at the statutory overtime rate, due to Plaintiff, SLAWOMIR WARIAS, under the Fair Labor Standards Act and New York Labor Law.

73. A compensatory award of unpaid wages under the Fair Labor Standards Act and the New York Labor Law.

74. An award of liquidated damages as a result of Defendants' willful failure to pay wages and statutory overtime compensation pursuant to 29 U.S.C. § 216.

75. An award of liquidated damages as a result of Defendants' willful failure to pay wages and statutory overtime compensation pursuant to the New York Labor Law.

76. An award of back pay.

77. An award of damages for retaliation.

78. An award of punitive damages.

79. An award of pre-judgment and post-judgment interest.

80.	An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and such other and further relief this Court deems just and proper.

Dated: June 19, 2024
          Brooklyn, New York

                                                JODRE BRENECKI, LLP

                                                Nicole Brenecki, Esq.
                                                *Attorneys for Plaintiff*
                                                101 North 10th Street – Suite 303
                                                Brooklyn, NY 11249
                                                T.: (347) 563-2605
                                                Email: nicole@jodrebrenecki.com